# (January 21, 1982)

■ KUAN SING ENTERPRISES, INC., Respondent, v T. W. WANG, INC., et al., Appellants. — Order of the Supreme Court, New York County (Cahn, J.) entered December 26, 1980, denying defendants' motion to dismiss the complaint, or in the alternative, for summary judgment, unanimously reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint granted. Plaintiff operates a dumpling house at 9 Pell Street, New York City. Defendant Wall is a free lance reporter whose articles are published, occasionally, in the *"World Journal"*, a Chinese language newspaper operated by T. W. Wang, Inc. (Wang). On January 28, 1978 *"World Journal"* published an article written by Ms. Wall of her claimed experience in plaintiff's restaurant in which she set forth the food eaten by her and her opinion as to its merit. In setting forth her opinion she was somewhat critical both of the cuisine and the conduct of the waitresses at plaintiff's restaurant. It is conceded that, in fact, Ms. Wall had visited a dumpling house located near plaintiff's restaurant and had mistaken the one for the other. When the mistake was discovered the *"World Journal"* published a lengthy correction along with a photograph of plaintiff's restaurant. Plaintiff brought suit for libel. Defendants admit authorship and publication. However, they denied that the article was defamatory and, among other defenses, alleged that the article was constitutionally privileged. Inasmuch as the alleged libel here

involved is a business libel, the only theory upon which it may be deemed actionable is that it impugns the integrity or business methods of plaintiff (*Drug Research Corp. v Curtis Pub. Co.*, 7 NY2d 435). Clearly, the article does not meet that standard. More importantly, however, there can be no doubt that the publication was constitutionally privileged. "The First Amendment does not recognize the existence of false ideas. 'However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact.' (*Gertz v Robert Welsh, Inc.*, 418 US 323, 339-340.) Opinions, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions, provided that the facts supporting the opinions are set forth" (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 380). To establish actionable defamation it must be shown that the *facts* are false and that their publication was generated by actual malice, i.e., with a purpose to inflict injury upon the party defamed, or in a grossly irresponsible manner (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196). The article written by Wall and published in the *"World Journal"* was an expression of opinion. The facts upon which the opinion was based are set forth. That the mistake was an honest one and not prompted by malice or gross irresponsibility is evidenced by the similarity of Chinese characters both in the name of plaintiff and the dumpling house actually eaten in by Wall and by the rather effusive apology contained in the following issue of *"World Journal"*. In sum, the elements necessary to make out a business libel cannot be made out. Hence, summary judgment should have been granted. Concur — Murphy, P. J., Birns, Sullivan, Lupiano and Bloom, JJ.